**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERTO SANABRIA,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No.: 2:15-cv-8963 (CCC)<br><br><br>**OPINION** |

**CECCHI, District Judge.**

## I.   INTRODUCTION

Before the Court is Plaintiff Gilberto Sanabria's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed in part, vacated in part, and the matter is remanded for further proceedings consistent with this Opinion.

## II.   BACKGROUND

### A.   Procedural Background

Plaintiff applied for DIB and SSI in January 2009, alleging disability as of September 2,

2008 through January 1, 2011 (the "closed period"). (Tr.[1] at 10). The applications were denied initially and upon reconsideration in March 2011. (Id. at 180). A hearing was held before ALJ Norman R. Zamboni who issued a decision in August 2012 finding Plaintiff was not disabled. (Id. at 145-52). In October 2012, the Appeals Council remanded the case. (Id. at 157). On February 27, 2014, a hearing was held before ALJ Moises Penalver. (Id. at 10). ALJ Penalver issued a decision on May 28, 2014 finding Plaintiff was not disabled during the closed period, as defined by the SSA. (Id. at 19) (citing 20 C.F.R. §§ 404.1520(g) and 416.920(g)). Plaintiff requested review of the decision and the Appeals Council denied the request on November 5, 2015. (Tr. at 1). On December 30, 2015, Plaintiff instituted this action. (ECF No. 1).

### B. Factual Background

Plaintiff was born on June 1, 1961. (Tr. at 33). He currently lives alone in New Jersey. (Id.) Plaintiff has a high school education and has completed two years of college courses. (Id. at 34). Plaintiff has work experience as a shipping clerk, tractor trailer driver, light truck driver, and security guard. (Id. at 17). Plaintiff testified that he stopped working in 2008 because of complications with his high blood pressure, diabetes, and eyesight. (Id. at 35-37). Plaintiff began working again in 2011. Therefore, the relevant time period for this Court to consider is the closed period of 2008 – 2011.

Plaintiff has a history of type two diabetes mellitus, which his medical records indicate is poorly controlled, and for which he does not take insulin. (Id. at 15). Plaintiff also has a history of hypertension, which was controlled during the closed period. (Id. at 13). An MRI in 2010 indicated that Plaintiff has a degenerative joint disease and a bone deformity in his left shoulder. (Id. at 15). Plaintiff also has a congenital left pinky abnormality, such that he cannot fully extend

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 6).

his left hand and has a slightly diminished left hand grip. (Id. at 15-16). Plaintiff testified that he has a history of vision problems, although the medical expert testified that these problems were not documented during the closed period. (Id. at 13).

## III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Chandler, 667 F.3d at 359 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" Daniels v. Astrue, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. Cruz v. Comm'r of Soc. Sec., 244 F. App'x 475, 479 (3d Cir. 2007) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

**B. Determining Disability**

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000) (citing Heckler v. Campbell, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

**C. Sequential Evaluation Process**

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. Sykes,

228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. Id. Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. Id. at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. Id. Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. Id.

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. Sykes, 228 F.3d at 263. Neither party bears the burden at step three. Id. at 263 n.2.

### IV.   DISCUSSION

#### A.   Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity during the closed period. (Tr. at 12). At steps two and three, the ALJ found Plaintiff's impairments of non-insulin dependent diabetes mellitus, left shoulder rotator cuff impingement, and a left fifth finger contracture were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in 20 C.F.R. § 4014, Subpart P, Appendix 1. (Id. at 12-14).

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of sedentary work as defined under the Regulations, except he had a number

of additional limitations including, *inter alia*, frequent reaching up to 89 degrees and never reaching 90 degrees with the left upper extremity, and never fine motor manipulation with the pinky of the left hand. (Id. at 14).

To make this conclusion, the ALJ considered all of Plaintiff's symptoms and their consistency with the evidence. Specifically, the ALJ considered Plaintiff's reports that he was unable to work during the closed period due to high blood pressure and diabetes. (Id.) The ALJ considered the testimony of medical expert, Dr. Mark Farber, indicating Dr. Farber's conclusion that Plaintiff was limited to sedentary work. (Id. at 15). The ALJ also considered Plaintiff's medical records evidencing Plaintiff's Type II diabetes, degenerative joint disease and bone deformity in left upper extremity and congenital left pinky abnormality. (Id.) The ALJ found Plaintiff's statements of intensity, persistence and limiting effects of his impairments were not entirely credible because they were not supported by the medical evidence as a whole. (Id. at 16.)

At step four, the ALJ found Plaintiff was incapable of performing past relevant work as a shipping clerk, tractor trailer driver, light truck driver, or security guard, as they all "were too physically demanding." (Id. at 17). At step five, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Id.) The ALJ identified these jobs as: call out operator, addresser, and order clerk. (Id.)

**B.    Analysis**

Plaintiff makes the following arguments in support of his contention that the ALJ's decision should be reversed or remanded: (1) step three of the analysis precludes meaningful judicial review, and (2) the Commissioner did not satisfy its burden at step five, as the VE's testimony does not constitute substantial evidence. The Court will address each argument in turn.

### 1. The ALJ's Step Three Analysis Does Not Provide for Meaningful Review

Plaintiff argues the ALJ's step three analysis is so incomplete that the Court cannot meaningfully review the ALJ's decision. Defendant argues that "as long as the ALJ considered the evidence and that evidence supported the ALJ's decision that Plaintiff did not satisfy the criteria of a listed impairment," the ALJ was not required to use any particular language at step three, and remand is not required. ECF No. 12 at 5. Here, the Court finds the ALJ's analysis at step three is too cursory to provide meaningful review.

The ALJ's decision at step three, in its entirety states:

> At the hearing, medical expert, Dr. Mark Farber, a board-certified internist and pulmonologist, testified that none of the claimant's impairments, either singly or in combination, met or medically equal any of the listed impairments contained in Appendix 1, Subpart P of Regulations No. 4. I give great weight to the medical expert's testimony and find that the claimant does not meet or equal any of the "Listing of Impairments" under the Social Security Regulations.

(Tr. at 14).

In evaluating the ALJ's step three analysis, this Court looks at the ALJ's decision as a whole. See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) ("[The case law] does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of [the case law] is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."). However, even with this standard, the ALJ is required to identify and consider the listed impairment most like Plaintiff's severe impairments. See 20 C.F.R. § 404.1526(a); Amparo v. Comm'r of Soc. Sec., No. 2:12-cv-6403 (KM), 2014 U.S. Dist. LEXIS 105746, at *20 (D.N.J. July 31, 2014) ("Although the claimant bears the burden of proving that his impairments equal or meet one listed in Appendix 1, it is the ALJ's 'responsibility . . . to identify the relevant listed impairment(s) and develop the arguments both for and against granting benefits.'") (citing Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 120 n.2 (3d

Cir. 2000)). Even in Jones v. Barnhart, stating the ALJ did not need to use any particular language, the Third Circuit acknowledged that its ruling in Burnett was still good law: "To be sure, in Burnett v. Commissioner of Social Security Administration we required 'the ALJ to set forth the reasons for his decision,' and held that the ALJ's bare conclusory statement that an impairment did not match, or is not equivalent to, a listed impairment was insufficient." 364 F.3d 501, 504 (3d Cir. 2004) (citing Burnett, 220 F.3d at 119–20)). Here, the ALJ did not identify any Listing that he compared with Plaintiff's impairments, nor did he provide any analysis regarding this comparison. Accordingly, the Court cannot meaningfully review the ALJ's decision at step three.

### 2.   Step Five Was Supported By Substantial Evidence

Plaintiff argues the vocational expert's testimony cannot serve as substantial evidence for the ALJ's finding at step five because the VE relied on outdated descriptions of the occupations Plaintiff could have performed. Although Plaintiff may disagree with the relevance of the Dictionary of Occupational Titles ("DOT") in the modern-day work force, "the DOT remains an appropriate source of occupational data. Under 20 C.F.R. § 404.1566(d)(1), the Social Security Administration may take administrative notice of job information from the DOT." Coates v. Colvin, No. CIV.A. 14-0265, 2014 WL 4792199, at *4 (W.D. Pa. Sept. 24, 2014) (quoting Devault v. Astrue, Civ. No. 2:13–cv–0155, 2014 WL 3565972, at *6 (W.D. Pa. July 18, 2014)). "Social Security Ruling 00–4P sets forth that the relevant inquiry is whether VE testimony is consistent with the DOT." Id. Here, at step five, the ALJ relied upon the VE's testimony, which the ALJ determined was consistent with the DOT. (Tr. at 18). Plaintiff's argument is essentially that the Regulations should require more, which is not for this Court to decide. "A vocational expert may rely on the DOT, and the ALJ may rely on the VE's testimony to the extent it is consistent with the DOT." Estevez v. Comm'r of Soc. Sec., No. CV 14-6337 (KM), 2016 WL 3381227, at *7 (D.N.J.

June 8, 2016) (citing 20 C.F.R. § 404.1566 (d)(1)); Jimenez v. Colvin, No. 15-3762 (KM), 2016 WL 2742864, at *9 (D.N.J. May 11, 2016). Accordingly, as the ALJ relied upon the VE testimony, which was consistent with the DOT, the Court finds the ALJ's analysis at step five was supported by substantial evidence.

## V.  CONCLUSION

For the foregoing reasons, the Court affirms in part and vacates in part the ALJ's decision and remands this case for further administrative proceedings consistent with this Opinion. An appropriate order accompanies this Opinion.

DATED: January 31, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.